UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. SMITH,<br><br>                          Petitioner,<br><br>v.<br><br>MARTIN GAMBOA, Warden, and ROB BONTA, Attorney General,<br><br>                          Respondents. | Case No.: 22-cv-00856-JLS-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER CONDITIONALLY GRANTING RESPONDENTS' MOTION TO DISMISS**<br><br>[Dkt. No. 7] |

Before the Court is Respondents Martin Gamboa's and Rob Bonta's ("Respondents") Motion to Dismiss Petition for Writ of Habeas Corpus (the "Motion to Dismiss") by. Dkt. No. 7.  Petitioner Ronald J. Smith ("Petitioner"), a state prisoner proceeding *pro se*, opposes.  Dkt. No. 9.  This Report and Recommendation to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1 and HC 2.  For the reasons stated below, the undersigned **RECOMMENDS** that the District Court conditionally **GRANT** Respondents' Motion to Dismiss and **DISMISS** the Petition unless Petitioner can timely cure his Petition.

///

///

1

# I.

# **BACKGROUND**[1]

In April 2019, a jury convicted Petitioner of 13 counts of lewd acts on a child for molesting his daughter and stepdaughter. Dkt. No. 8-1 at 22;[2] Dkt. No. 8-6 at 2. After denying Petitioner's motion for a new trial, the trial court sentenced him to two concurrent terms of 15 years to life. Dkt. No. 8-1 at 22.

Petitioner, through counsel, appealed the judgment to the California Court of Appeal. *See* Dkt. No. 8-1. Petitioner raised six challenges to his conviction: *One*, that a prospective juror's statements during *voir dire* were likely to bias other jurors and deprived Petitioner of his constitutional right to an impartial jury; *two*, that the trial court unreasonably restricted the evidence Petitioner could present at trial;[3] *three*, that the trial court erred by allowing inadmissible, irrelevant and highly prejudicial testimony from a child sexual abuse expert; *four*, that California Criminal Jury Instruction ("CALCRIM") No. 1193 impermissibly reduces the prosecution's burden of proof and should not have been used; *five*, that the trial court's cumulative errors undermined the fundamental fairness of Petitioner's trial; and *six*, that the trial court violated Petitioner's due process rights in imposing certain fines and penalties upon him. *See generally id.* On September 7, 2021, the Court of Appeal affirmed the judgment (with one exception not relevant to the issues

---

[1] The following factual and procedural summary is taken from the exhibits to the Petition and Respondents' Lodgments. *See* Dkt. Nos. 1, 8.

[2] All citations are to the page numbers generated by the Court's CM/ECF system.

[3] This argument referred specifically to records collected from the global positioning system ("GPS") in Petitioner's work truck (hereafter the "GPS Evidence"), which he claimed "provided, for any given date, the starting address and time the vehicle first moved, and then an ending address and time when the vehicle reached the end of that trip" and could be used to test one victim's allegations regarding the time and place of the abuse. *See* Dkt. No. 8-1 at 57-59.

before the Court),[4] finding Petitioner's "arguments on appeal [were] without merit." Dkt. No. 8-6 at 2.

Petitioner, again through counsel, filed a petition for review by the California Supreme Court. The petition for review raised two issues, stated as follows:

1. Did the trial court commit error by excluding [the GPS Evidence] proffered by the defense that went to directly refuting the testimony of the complaining witness, J.?

2. Did the trial court violate petitioner's federal and state due process rights and the Equal Protection Clause by imposing fines and fees without determining if he had the ability to pay?

*See* Dkt. No. 8-7 at 7. On November 10, 2021, the California Supreme Court denied Petitioner's petition for review without discussion. *See* Dkt. No. 8-8.

On June 9, 2022, Petitioner filed a Petition for Writ of Habeas Corpus in this District, challenging his conviction (the "Petition"). Dkt. No. 1. Petitioner raises four grounds for federal habeas corpus relief: (1) that the trial court denied him his constitutional right to present a complete and effective defense by excluding the GPS Evidence; (2) that the "Attorney General's Brief . . . in all contents . . . were wrong" because witnesses either "changed" their "story" or denied the charges against Petitioner; (3) that the trial court's use of CALCRIM No. 1193 was unconstitutional; and (4) that the trial court's determination that a prospective juror's comments did not taint the jury pool was erroneous and deprived him of the right to a fair trial. *See id.* at 6-9.

On August 30, 2022, Respondents filed the Motion to Dismiss now before the Court. Respondents argue that Petitioner's second, third and fourth grounds

---

[4] The Court of Appeal vacated certain unpaid fees levied against Petitioner due to a recent change in California law. *See* Dkt. 8-6 at 2-3.

for relief "have never been presented to the California Supreme Court for consideration." *See* Dkt. No. 7-1 at 2-3. As such, Respondents contend the Petition includes both exhausted and unexhausted claims – a so-called "mixed" petition – and must be dismissed. *See id.* at 3.

On October 20, 2022, the Court docketed Petitioner's "Opposition to Grant This Federal Writ of Habeas Corpus," dated October 16, 2022, which the Court construes as an opposition to Respondents' Motion to Dismiss. In his Opposition, Petitioner reiterates his arguments regarding the exclusion of GPS Evidence at trial. *See generally id.*

The Court has reviewed the Petition, the parties' moving papers and the lodgments thereto. As set forth below, the Court **RECOMMENDS** that the District Court conditionally **GRANT** Respondents' Motion to Dismiss unless Petitioner elects to take steps to cure his Petition.

## II.
## LEGAL STANDARDS

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). "[W]hile not a jurisdictional requirement," the rule requiring complete exhaustion "is grounded in principles of comity" and recognizes the role of state courts in enforcing federal constitutional rights. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citations omitted).

To satisfy the exhaustion requirement, a petitioner must "provid[e] the highest state court with an opportunity to rule on the merits of his federal claims," or "show[] that at the time petitioner filed a habeas petition in federal court, he had no state remedies available and had not deliberately bypassed them." *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) (citation omitted). The requirement that a petitioner has exhausted his state court remedies is satisfied

when the petitioner has "'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," meaning that he has "described to the state courts not only the operative facts upon which the claim is based, but also the specific federal constitutional right allegedly violated." *See Roberts v. DiCarlo*, 296 F. Supp. 2d 1182, 1186 (C.D. Cal. 2003) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) and *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)).

The Supreme Court mandates that "a district court *must* dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (emphasis added). Stated simply, "[f]ederal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims[,]" on their merits. *Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013); *accord Fields v. Waddington,* 401 F.3d 1018, 1020 (9th Cir. 2005) (noting that the Court "may review the merits of Petitioner's habeas petition only if he exhausted state court remedies"). This directive is longstanding and unambiguous. *See Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983) (noting that the "direction to dismiss such 'mixed petitions' is clear and unequivocal, and leaves no discretion to consider hypothetically the claims which had been exhausted.").

### III.
### DISCUSSION

**A.      The Petition Must Be Dismissed for Failure to Exhaust State Remedies**

Respondents assert that the Petition "must be dismissed because it contains unexhausted claims." Dkt. No. 7-1 at 5. The Court agrees. As noted, Petitioner raises four grounds for relief in his Petition. Dkt. No. 1. Although Petitioner indicated in his Petition that he raised each of these grounds for relief in the California Supreme Court, *see id.* at 6-9, a review of the record demonstrates otherwise.

///

It is readily apparent from the record that Petitioner exhausted his first ground for relief, the assertedly improper exclusion of the GPS Evidence. In the Court of Appeal, Petitioner argued that those records were "highly probative," that their probative value was not outweighed by their potential to cause prejudice or waste time, and that any prejudicial risk was insufficient to eclipse Petitioner's "constitutional right to present a complete defense." *See* Dkt. No. 8-1 at 55-64. The Court of Appeal considered these arguments, explicitly recognizing that Petitioner's argument "implicate[d] his constitutional right to present a defense," *see* Dkt. No. 8-6 at 26 n.8, but ultimately disagreed with Petitioner. *See id.* at 28-29. Seeking review in the California Supreme Court, Petitioner again argued that the trial court's exclusion of the GPS Evidence "denied petitioner his constitutional right to present a full defense" and that "the error was prejudicial and requires reversal." Dkt. No. 8-7 at 12; *see also id.* at 12-15 (Petitioner's argument in support of reversal). The Court finds, therefore, that Petitioner "alerted the state court that his claims rested on the federal Constitution," and gave the state courts "an opportunity to pass upon and correct [any] violation of [his] federal rights." *See Fields*, 401 F.3d at 1020-21 (describing prerequisites to proper exhaustion) (citations omitted).

The same cannot be said, however, for Petitioner's other three asserted grounds for relief. For example, Petitioner's second ground for relief is that the case against him was based on "lies." Dkt. No. 1 at 7. Petitioner states that one of his victims (his stepdaughter) stated she "hated him" and that the other victim (his daughter) stated "over 20 times . . . that this child molestation allegation never happened to her."[5] *Id*. Petitioner further states that "the charges" against him

---

[5] The Court also observes that Petitioner appears to have highlighted in the trial transcript appended to the Petition instances in which his daughter denied that he

"should have been dropped" and urges the Court to "throw out the [w]hole trial." Dkt. No. 1 at 7. It is difficult to discern precisely what constitutional error Petitioner complains of, but regardless, he does not appear to have presented the issue in either of his state court appeals. *See generally* Dkt. No. 8-1 (Petitioner's Opening Brief in the Court of Appeal); Dkt. No. 8-7 (Petitioner's Petition for Review to the California Supreme Court). Exhaustion requires that the Petitioner give notice to the state court that "he [is] making a claim under the U.S. Constitution . . . and describe 'both the operative facts and the federal legal theory on which his claim is based,'" thereby providing the state court "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 998-99 (9th Cir. 2005) (citations omitted). As to his assertion that the case against him was based on "lies," Petitioner did none of those things. The Court therefore finds that Petitioner failed to exhaust his available remedies in state court with respect to his second ground for relief, as required by the statute. *See* 28 U.S.C.A. § 2254(b)(1)(A).

Petitioner's third and fourth grounds for relief are likewise not exhausted. "A state prisoner seeking relief with respect to a California conviction is required to 'fairly present' his federal claims to the California Supreme Court." *Pombrio v. Hense*, 631 F.Supp.2d 1247, 1250 (C.D. Cal. 2009) (citations omitted). Here, Petitioner argued in the Court of Appeal that the use of CALCRIM No. 1193 violated his constitutional rights (third ground for relief), *see* Dkt. No. 8-1 at 99-112, and that a prospective juror's unchecked comments during voir dire deprived Petitioner of a constitutionally mandated impartial jury (fourth ground for relief). *See id.* at 34-50. However, these arguments were rejected by the Court of Appeal,

---

did anything to make her feel "uncomfortable," and statements by his stepdaughter demonstrating that she at times did not remember details of his abuse. *See generally* Dkt. No. 1-3.

*see* Dkt. No. 8-6 at 13-24 and 41-46, and Petitioner did not thereafter present them to the California Supreme Court for review. *See generally* Dkt. No. 8-7. "[A] claim is unexhausted where the petitioner did not fairly present either the factual or the legal basis for the claim to the state's highest court." *Rollins v. Super. Ct. of Los Angeles*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010) (citation omitted). Accordingly, the Court finds that Petitioner failed to exhaust his third and fourth grounds for relief.

### B. Petitioner Should Be Afforded an Opportunity to Cure His Petition

Because Petitioner failed to exhaust his second, third and fourth grounds for habeas relief as stated in his Petition, the Court finds that the Petition must be dismissed pursuant to the foregoing controlling authority. However, the Supreme Court and the Ninth Circuit each hold that a petitioner should be given the opportunity to amend or otherwise cure a mixed petition for habeas corpus and return to federal court with a petition that states only fully exhausted claims. *See*, *e.g.*, *See Rose*, 455 U.S. at 510 (holding that district courts must "leav[e] the petitioner with the choice of returning to state court to exhaust his claims or . . . amending or resubmitting the habeas petition"); *Ybarra v. McDaniel*, 656 F.3d 984, 997 (9th Cir. 2011) (holding that "[i]f a habeas petition is 'mixed' . . . a district court must dismiss it, leaving the petitioner an option to either abandon the unexhausted claims or return to state court to exhaust them") (citing *Rose*, 455 U.D. at 510); *Henderson*, 710 F.3d at 873 ("a petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims"); *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000) (same); *accord Butler v. Long*, 752 F.3d 1177, 1181 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (June 24, 2014) (finding error where the district court dismissed petition without leave to amend).

Petitioner may try to cure his Petition in one of several ways. In describing these options, the undersigned makes no finding as to whether Petitioner could or

should avail himself of any of them. It is not the Court's role to provide legal advice to Petitioner and the decision as to how to proceed belongs to Petitioner and Petitioner alone. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (noting that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants" or to deliver "personal instruction . . . [regarding] procedure").

*First,* Petitioner may elect to proceed only on his exhausted claims by filing an amended petition as to his first ground for relief only, and deleting the second, third and fourth grounds for relief. The Court notes that if Petitioner abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See* 28 U.S.C. § 2244 (a)-(b).

*Second*, Petitioner may file a motion to stay-and-abey under *Rhines v. Weber*, 544 U.S. 269 (2005), if Petitioner believes he can make the required showings that: (1) there is good cause for his failure to exhaust grounds two, three and four in state court; (2) his unexhausted claims are not "plainly meritless;" and (3) he has not engaged in "abusive litigation tactics or intentional delay." *See id.* at 277-78.

*Third*, Petitioner may seek a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) (as amended), *overruled on other grounds as recognized by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007). This would require Petitioner to voluntarily dismiss grounds two, three, and four, request the Court stay the then-fully exhausted Petition, and return to state court to attempt to exhaust the unexhausted claims while the federal proceeding is held in abeyance – with the understanding that Petitioner will be allowed to amend any newly exhausted claim back into the Petition only if it is timely under 28 U.S.C. § 2244(d)(1) or "relat[es] back" to the original exhausted claim. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005).

*Fourth*, Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then

file a new federal petition containing only exhausted claims. *See Rose*, 455 U.S. at 510. Any new federal petition must be filed within the statute of limitations, which expires one year from when Petitioner's conviction became final unless he can show that statutory or equitable tolling applies. *See* 28 U.S.C. §2244(d)(1)(A)-(D); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling in "extraordinary circumstances").

## IV.
## CONCLUSION and RECOMMENDATION

For the reasons stated above, the Court finds that the Petition contains a mix of exhausted and unexhausted claims and must be dismissed pursuant to controlling Supreme Court and Ninth Circuit authority. In recognition of the Supreme Court's and Ninth Circuit's instructions to allow Petitioner the chance to cure his Petition, however, the undersigned further finds that Petitioner should be allowed the opportunity to amend or otherwise attempt to cure within a reasonable amount of time from the District Court's disposition of the Motion to Dismiss.

Accordingly, the undersigned **RECOMMENDS** that the District Court enter an Order:

(1) Adopting this Report and Recommendation in its entirety; and

(2) Finding that the Petition contains both exhausted and unexhausted claims and is subject to dismissal pursuant to the authorities cited herein; and

(3) Conditionally **GRANTING** the Motion to Dismiss, dismissing the Petition and this action without prejudice, and directing that judgment be entered accordingly unless Petitioner notifies the Court **within 21 days** of entry of the District Court's Order that he intends to avail himself of one of the options described above for curing his Petition; and

(4) Depending on Petitioner's election, setting a date certain for Petitioner to file an amended petition, a motion for voluntarily dismissal, or a motion to stay or stay-and-abey.

**IT IS HEREBY ORDERED** that any objection to this Report and Recommendation must be filed with the Court and served on all parties by **_December 30, 2022_**. Replies to any objection must be filed with the Court and served on all parties by **_January 13, 2023_**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: November 28, 2022

_____
Hon. David D. Leshner
United Stated Magistrate Judge

11

22-cv-00856-JLS-DDL