UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. SMITH,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>MARTIN GAMBOA, Warden, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 22-CV-856 JLS (DDL)<br><br>**ORDER (1) GRANTING REQUEST TO VOLUNTARILY DISMISS CLAIMS; (2) DENYING RESPONDENTS' MOTION TO DISMISS; AND (3) ADOPTING IN PART AND MODIFYING IN PART REPORT & RECOMMENDATION**<br><br>(ECF Nos. 7, 11, 12) |

　　　Presently before the Court is Respondents Martin Gamboa and Rob Bonta's Motion to Dismiss Petition for Writ of Habeas Corpus ("Mot.," ECF No. 7). Also before the Court is Magistrate Judge David D. Leshner's Report and Recommendation ("R&R," ECF No. 11) advising the Court to conditionally grant Respondents' Motion to Dismiss and dismiss Petitioner Ronald J. Smith's petition without prejudice. Petitioner was afforded 30 days to file objections to Magistrate Judge Leshner's R&R. Rather than submit any objections, Petitioner instead filed a document titled First Amended Petition for Writ of Habeas Corpus ("Am. Pet.," ECF No. 12).

/ / /

The First Amended Petition attempts to cure the deficiencies identified in Magistrate Judge Leshner's R&R.  Magistrate Judge Leshner determined that the Petition must be dismissed because it contained both unexhausted and exhausted claims.  R&R at 10. Specifically, three of the four grounds for relief were unexhausted.  *Id.* at 6–8.  Only Petitioner's first ground for relief—the allegedly improper exclusion of GPS evidence— had been exhausted.  *Id.* at 6.  Petitioner's First Amended Petition states that he "does not wish to file objection's on the []second and third an[d] fourth claim(s)" and "moves to voluntarily delet[e] those ground[]s for relief."  Am. Pet. at 1 (cleaned up).  Petitioner makes clear his desire to "abandon[] those claims[, ]claims 2 & 3 & 4[,] and would like the federal Southern District Court to proceed only on his exhausted claim 1."  *Id.* at 1–2 (cleaned up).

Construing the First Amended Petition broadly, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court will treat the document as a request to voluntarily dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court, and its order will not be reversed unless the District Court has abused its discretion." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).  However, "[i]n ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal."  *Id.*  Here, there would be no legal prejudice to Respondents in allowing Petitioner to refile his habeas petition asserting only the first ground for relief.  Respondents would have had the same burden if the Court had dismissed the petition in accordance with Magistrate Judge Leshner's recommendation, and Petitioner had notified the Court of his intention to cure the Petition.  *See Bader v. Elecs. for Imaging, Inc.*, 195 F.R.D. 659, 662 (N.D. Cal. 2000) (noting that "the threat of future litigation" does not result in plain legal prejudice (quoting

/ / /

*Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)).  Accordingly, the Court **GRANTS** Petitioner's Request.

In light of the decision to grant Petitioner's request, the Court **DENIES AS MOOT** Respondents' Motion to Dismiss.  As to Magistrate Judge Leshner's R&R, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," as Petitioner failed to timely object to any findings contained therein.  Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).  Having so satisfied itself, the Court **ADOPTS IN PART** and **MODIFIES IN PART** the R&R, straying only from the recommendation that Respondents' Motion to Dismiss be conditionally granted for the reasons stated above.

As the Court has construed Petitioner's so-called "First Amended Petition" as a request for voluntary dismissal without prejudice, Petitioner must file a true amended habeas petition.  Accordingly, Petitioner **SHALL FILE** an amended habeas petition **on or before March 14, 2023.  If Petitioner does not file an amended habeas petition by that deadline, the Court will instruct the Clerk of the Court to close the case.**  Petitioner is also instructed to **caption the amended petition as "Second Amended Petition"** for the sake of clarity.  If Petitioner files an amended petition on or before March 14, 2023, Respondent **SHALL FILE** a responsive pleading **on or before April 4, 2023.**

IT IS SO ORDERED.

Dated:  February 13, 2023

Hon. Janis L. Sammartino
United States District Judge